IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-202-BO

| | | |
|---|---|---|
| ELIZABETH L. WITMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 16, 18]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on March 5, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion [DE 18] is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed her application on March 6, 2014, alleging disability dating back to September 28, 2011. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on February 8, 2017, and then a second hearing was held on June 2, 2017. The ALJ issued a decision on June 22, 2017, finding that plaintiff was not disabled. On August 31, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In October 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 5]. In February 2018, plaintiff moved for judgment on the pleadings. [DE 16]. Defendant moved for judgment on the pleadings in April 2018. [DE 18]. A hearing was held before the undersigned in Elizabeth City, North Carolina on March 5, 2019. [DE 22].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R.

§ 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform her past relevant work activities, she was able to perform other jobs that existed in significant numbers in the national economy. The ALJ concluded that plaintiff had severe impairments that did not meet or equal any Listings and that plaintiff was capable of performing light work with some exertional and non-

3

exertional limitations. At issue is whether the ALJ properly considered the medical opinions of two of plaintiff's treating sources.

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[1] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

The Court finds that the ALJ's decision was supported by substantial evidence in the record. Plaintiff argues that the ALJ erred in giving little weight to the opinions of Ms. Vonda Gardner, a licensed social worker, and Ms. Jessica Hardin, a physician's assistant, both of whom

---

[1] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after plaintiff's claim was filed, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

4

treated plaintiff. But the ALJ identified and discussed each of the opinions that plaintiff identified, considering the opinions in conjunction with the relevant medical evidence in the record and concluding that because "the evidence show[ed] that the claimant's mood and mental health symptoms were relatively stable with medication," the opinions were inconsistent with the record. [Tr. 20–21]. The ALJ also found that the severity of the findings in the opinions given by Ms. Gardner and Ms. Hardin were belied by the milder findings present in the treatment notes and examination findings. *Id*. The ALJ cited extensively to the medical facts in the record in support of his findings. Plaintiff's own testimony at her hearings, as well as treatment notes describing her mood and symptoms, supported the ALJ's findings that—with some exceptions that the ALJ made note of—plaintiff's depressive symptoms were "diminished" and she "remained stable" while complying with her medication and treatment. [Tr. 16]. Additionally, the ALJ properly discounted the medical opinions that opined on the ultimate issue of whether plaintiff was able to work. Because the ALJ's decision was supported by substantial evidence and there was no reversible legal error, the decision must be affirmed.

Upon a full review of the record, the Court finds that the ALJ committed no reversible error. Substantial evidence existed to support the ALJ's findings that plaintiff had not engaged in substantial gainful activity, had severe impairments that did nonetheless did not equal any regulatory listings, could perform light work with certain limitations, could not perform her past relevant work, and could perform other work existing in significant numbers in the national economy. As such, the Commissioner's decision must be affirmed.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard

5

was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion [DE 18] is GRANTED. The Commissioner's decision is AFFIRMED.

SO ORDERED, this 8 day of March, 2019.

*[signature]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE